**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| (1) | RYAN MATHEW LUNDAY, an individual; and | ) ) |
| (2) | TINA MICHELLE LUNDAY, an Individual; | ) ) ) |
| | Plaintiffs, | ) ) ) |
| v. | | )   Case No. _____ |
| | | ) |
| (1) | UNDERDOG TRANSPORT INC, a California Corporation; and | ) ) |
| (2) | PALWINDER SINGH, an individual; | ) ) ) |
| | Defendants. | ) ) |

## COMPLAINT

COMES NOW, Plaintiffs, Ryan Mathew Lunday ("Matt Lunday") and Tina Michelle Lunday ("Tina Lunday"), for their Complaint against Defendants, Underdog Transport Inc ("Underdog"), and Palwinder Singh ("Singh"), and allege and state as follows:

## PARTIES

1.      Plaintiff, Matt Lunday, is an individual and a citizen of the State of Oklahoma who resides in Enid, Garfield County, Oklahoma.

2.      Plaintiff, Tina Lunday, is an individual and a citizen of the State of Oklahoma who resides in Enid, Garfield County, Oklahoma.

3.      Defendant, Underdog, is a California Corporation with its principal place of business in Fresno, Fresno County, California.

4.     At all relevant times hereto, Defendant, Underdog has maintained minimum contacts with the State of Kansas to subject it to the personal jurisdiction of this Court.

5.     Defendant, Singh, is, upon information and belief, a citizen of the State of California or a citizen or subject of a foreign state admitted for permanent residence in the United States domiciled in Fresno, Fresno County, California.

6.     Upon information and belief, Defendant, Singh, is an employee, shareholder, officer, and director of Defendant, Underdog.

7.     At all relevant times hereto, Defendant, Singh and Underdog have maintained minimum contacts with the State of Kansas to subject them to the personal jurisdiction of this Court.

## SUBJECT MATTER JURISDICTION AND VENUE

8.     The Court has subject matter jurisdiction over the above styled action, pursuant to 28 U.S.C. § 1332 based on the fact that Plaintiffs and Defendants are citizens of different states and the amount in in controversy exceeds $75,000.00, as more particularly provided *infra*.

8.     This case arises out of an automobile collision that occurred in Peabody, Marion County, Kansas with injuries arising therefrom, as more particularly provided *infra*.  Therefore, venue is appropriate in the United States District Court for the District of Kansas, pursuant to 28 U.S.C. § 1391.

## STATEMENT OF THE CASE

9.     The case arises out of the actions of Defendants, Underdog and Singh.

10.    On or about June 19, 2020, Defendant Underdog was the owner of a 2020 Kenworth Model T680 semi-truck, License Plate # XP60260, VIN# 1XKYD49X2LJ403138 ("Semi").

11.    On or about June 19, 2020, Defendant Singh, employee of Defendant Underdog, was driving a 2020 Kenworth Model T680 semi-truck, License Plate # XP60260, VIN# 1XKYD49X2LJ403138 ("Semi"), belonging to and the property of Underdog, employer, with the knowledge, consent and permission of defendant employer Underdog and while so driving and operating the automobile was acting for and on behalf of and at the special instance and request of Defendant Underdog as its agent.

11.    On or about June 19, 2020, Defendant, Singh, was driving the above described Semi westbound on US Highway 50 in Peabody, Marion County, Kansas.

12.    Plaintiff, Matt Lunday, was driving a 2013 Chevrolet Suburban, traveling eastbound on US Highway 50 approaching the intersection of US Highway 50 and Maple Street.

13.   At this juncture US Highway 50 consisted of one lane eastbound and two lanes westbound with the farthest north westbound lane being a passing lane to enable vehicles to pass westbound vehicles turning left (south) from the inside westbound lane.

14.    Defendant, Singh, traveling westbound in the inside westbound lane, approached a car positioned on the left westbound lane attempting to turn south onto Maple Street at the intersection of US Highway 50/Maple Street, Peabody, Kansas. Rather than utilizing the additional passing lane available to him on the right (north) of the turning vehicle in the left (westbound) lane, Defendant, Singh, rapidly crossed the centerline of the westbound/eastbound lanes and struck the left rear of the turning vehicle

and struck the left front half of the vehicle driven by Plaintiff, Matt Lunday while Lunday was traveling in his lane of traffic.

15.     As a result of Plaintiff Matt Lunday's vehicle being struck by Defendant driving the Semi, Matt Lunday's vehicle was destroyed beyond repair and Matt Lunday sustained immediate and permanent pain and suffering, temporary and permanent physical injuries, disabilities, past, present and future loss of income, emotional distress, and ongoing medical expenses, such claims exceeding $75.000.00.

## COUNT I

### Negligence

16.     Plaintiff Matt Lunday repeats and incorporates paragraphs 1-15 of this Complaint by reference as if set forth *verbatim*.

17.     Upon information and belief, Defendant Singh, employee of Underdog, while in the scope of his employment for Underdog, was negligent, careless or reckless in the operation of the Semi he was driving in that he:

(a)     Failed to have the Semi he was driving under proper and reasonable control,

(b)     operated the Semi in such a manner as to cause it to collide into and against Plaintiff Lunday's vehicle,

(c)     failed to steer in time to avoid the collision,

(d)     failed to exercise the proper degree of care with respect to the rights and safety of other motor vehicle operators and owners,

(e)     failed to operate the Semi he was driving in a safe and proper manner,

(f)     failed to comply with the laws, rules, and regulations of Kansas pertaining to the operation of the Semi in and about public highways,

(g)     failed to keep a property lookout for other vehicles on the highway,

(h)     failed to comply with applicable traffic control signs or signals including but not limited to crossing the center no passing line,

(i)     was negligently driving too fast for conditions,

(j)     failed to drive the Semi within the speed limit,

(k)     negligently failed to apply his brakes in time to prevent collision,

(l)     failed to keep a clear assured distance between him and the turning vehicle.

18.     All of the acts of the Defendant Singh caused the collision and the above stated injuries to Plaintiff Matt Lunday.

## COUNT II

## Negligence Per Se of Defendant Singh

19.     Plaintiff Matt Lunday repeats and incorporates paragraphs 1-18 of this Complaint by reference as if set forth *verbatim*.

20.     Upon information and belief, Defendant Singh, employee of Underdog, while in the scope of his employment for Underdog, was negligent as a matter of law in the operation of the Semi he was driving in that he:

(a)     Violated Article 14, Section 104 of the Standard Traffic Ordinances for Kansas Cities adopted by Article I, Section 13-101 of the Peabody Municipal Code which violation of inattentive driving caused the collision and injuries to Plaintiff.

5

(b)      Violated Article 8, Section 38, subsections (a) 1, 2 and 3 of the Standard Traffic Ordinances for Kansas Cities adopted by Article I, Section 13-101 of the Peabody Municipal Code and  K.S.A. 8-1557 which violation of attempting to pass or entering in a no passing zone and with plaintiff's motor vehicle in the oncoming lane of traffic.

(c)      Violated Article 8, Section 38, subsections (a) 1, 2 and 3 of the Standard Traffic Ordinances for Kansas Cities adopted by Article I, Section 13-101 of the Peabody Municipal Code and  K.S.A. 8-1557 which violation was driving at a speed greater than conditions allowed.

(d)      Violated Article 4, Section 12, of the Standard Traffic Ordinances for Kansas Cities adopted by Article I, Section 13-101 of the Peabody Municipal Code and  K.S.A. 8-1507 which violation was failing to adhere to traffic control devices which are the lane markings on the highway, the notification of passing lane and the intersection ahead.

(e)      Violated Article 8, Section 47, subsections (a) 1, 2 and 3 of the Standard Traffic Ordinances for Kansas Cities adopted by Article I, Section 13-101 of the Peabody Municipal Code and  K.S.A. 8-1523 which violation was following the vehicle in front of the semi to close and without keeping an assured distance ahead .

(f)      Violated Article 8, Sections 42, 43 and 44 of the Standard Traffic Ordinances for Kansas Cities adopted by Article I, Section 13-101 of the Peabody Municipal Code and   K.S.A. 8-1514, 8-1518, 8-1520, 8-1521 which violations were following the vehicle in front of the semi to close and without keeping an assured distance ahead .

(g)    Violated Article 3, Section of the Standard Traffic Ordinances for Kansas Cities adopted by Article I, Section 13-101 of the Peabody Municipal Code which violations were doing acts forbidden by the Ordinances of the City of Peabody and failing to perform acts required by those ordinances when the Defendant Singh violated the established rules of the road set forth above.

## COUNT II

### Negligence of Defendant Underdog

21.    Plaintiff Matt Lunday repeats and incorporates paragraphs 1-18 of this Complaint by reference as if set forth *verbatim*.

22.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Underdog consist of the following:

(a).    negligently entrusting Singh with the Semi involved in the accident when it knew or should have known that he lacked skill, judgment and prudence in the operation of the Semi.

(b).    failing to adequately instruct Singh in the safe operation of the Semi before entrusting him with the Semi involved in the accident,

(c).    failing to prevent Singh, the employee, from operating the Semi before he had sufficient ability to operate the vehicle safely,

(d).    failing to properly supervise the employee in the operation of the Semi,

(e).    operating its Semi in violation of the Federal Motor Carrier Safety Regulations,

(f).    operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Act.

23.    As a result of the above acts and omissions by Underdog the Plaintiff Matt Lunday sustained serious personal injuries.

## COUNT III

## Loss of Consortium against Defendants

24.    Plaintiff Tina Lunday repeats and incorporates paragraphs 1-23 of this Complaint by reference as if set forth *verbatim*.

25.    Plaintiff Tina Lunday states that at all time relevant herein she was and is the spouse of the Plaintiff Matt Lunday.

26.    Plaintiff Tina Lunday states that at all time relevant herein she resided and resides with the Plaintiff Matt Lunday.

27.    As a result of the negligent acts of the Defendants Plaintiff Tina Lunday's husband, Matt Lunday, suffered physical trauma to his body that continues to this date.

28.    Before suffering the above injuries Plaintiff Tina Lunday's husband was able to and did perform all these duties, including assisting in maintaining the home, assisting with their ___ children and assisting with ___ foster children and providing love, companionship, affection, society, sexual relations, moral support, and solace to Plaintiff Tina Lunday. As a direct and proximate result of the injuries Plaintiff Tina Lunday's husband was unable for a long period of time to perform such duties and is limited in his ability to perform any of these duties both temporarily and permanently.

29.     Plaintiff Tina Lunday is therefore deprived and will be permanently deprived of her husband's consortium, all to Plaintiff Tina Lunday's damage in a total amount to be established by proof at trial.

## COUNT IV

### Respondeat Superior Liability of Underdog

30.     Plaintiff repeats and incorporates paragraphs 1-29 of this Complaint by reference as if set forth *verbatim*.

31.     Because such personal injuries were proximately caused by the negligent acts of the Defendant Singh while Singh was acting as an agent within the course and scope of his employment for Defendant Underdog, Defendant Underdog is fully liable to Plaintiff Matt Lunday for such personal injuries and liable to Tina Lunday for her loss of consortium claim.

## COUNT IV

### PUNITIVE DAMAGE CLAIM

31.     Plaintiff repeats and incorporates paragraphs 1-29 of this Complaint by reference as if set forth *verbatim*.

32.     The actions of the Defendants Singh and Underdog are responsible for the injuries suffered by the Plaintiffs.

33.     As a result of Defendants' negligence, Plaintiff suffered extensive injuries.

34.     The collective negligent acts of Defendant were wanton, reckless and without regard to the rights of Plaintiff Matt Lunday and entitle him to punitive damages against the defendant Singh for his acts and against the defendant Underdog for its acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

A.     interest;

B.     pecuniary compensatory damages;

C.     non-pecuniary compensatory damages, including but not limited to damages for pain and suffering, mental anguish, stress, and anxiety;

D.     damages for loss of consortium

E.     punitive damages for Plaintiff Matt Lunday

F.     costs;

G.     Such other and further relief as the court deems appropriate.


Respectfully submitted,


*/s/Ben Ezzell*
Ben Ezzell, KBA #28130
EZZELL & SHEPHERD, P.L.L.C.
P.O. Box 5189
Enid, Oklahoma 73702
Phone: (580) 233-9390
Fax: (580) 233-4502
Email: bezzell@enidoklaw.com
Attorney for Plaintiff

ATTORNEY'S LIEN CLAIMED
JURY TRIAL DEMANDED